WILLIAMSON, COUNTY SUPERINTENDENT, *v.* HOWELL.

(En Banc. Oct. 21, 1929.)

[124 So. 319. No. 27872.]

Garraway & Broadus and **L. C. Bridges**, all of Purvis, and **Jno. A. Yeager**, of Lumberton, for appellant.

**Anderson & Anderson**, of Hattiesburg, for appellee.

**Cook, J.**, delivered the opinion of the court.

The appellee, B. S. Howell, filed a petition for mandamus against the superintendent of education of Lamar county seeking to compel the said superintendent to sign a contract with him for the transportation of the pupils of the Arnold Line consolidated school district to and from the practice school of the State Normal College located in Forrest county, and also to compel the said superintendent to issue pay certificates for services rendered in transporting said children under and in pursuance of said proposed contract. The petition alleged that the appellee contracted and agreed with the board of trustees of said Arnold Line consolidated school district to furnish transportation for the school children of said district to and from the State Teachers' College for the session of 1928-29, a period of nine months, at and for the sum of ninety dollars per month; that he (the appellee) accepted said contract and executed a good and sufficient bond as required by law, and presented the said contract and bond to the county superintendent of education of Lamar county; that he (the superintendent) refused to sign the contract or approve the bond; and that the appellee had entered upon performance of the duties required of him under said contract, as shown by the transportation contractor's report for the first month, properly approved and certified by the board of trustees, and attached to and made a part of the petition.

The proof shows that the trustees of the Arnold Line consolidated school advertised for bids for the transportation of the school children of said district to and from the State Teachers' College. In the meantime, and before the day set for the filing of such bids, one of the trustees resigned. On the day fixed for receiving such bids the two remaining trustees met, and received and opened the bids on file. There were three bids, one for ninety dollars per month, one for eighty-four dollars and fifty cents, and one for seventy-four dollars and fifty cents; the bid of ninety dollars per month being that of the appellee. No further action was taken at that time, and thereafter the two trustees and the appellee conferred with the county superintendent with reference to the authority of the two trustees to let a contract for the transportation of said school children; the superintendent advised them to call a meeting of the school patrons and elect another trustee, and suggested that when they had done so, the board of trustees and the superintendent should meet for the purpose of considering and passing upon bids submitted. Two days later another trustee was elected, and immediately thereafter the two original trustees prepared and signed a contract with the appellee, the highest bidder. The newly chosen trustee refused to sign the contract, and so likewise did the superintendent when the contract was presented to him on the following day.

The appellant contends that under the statute authorizing "the trustees of a consolidated school together with the county superintendent" to provide means for the transportation of pupils to and from the school house of said district, a contract for the transportation of such children must be approved by the county superintendent; or, in other words, that the superintendent has a veto power over the acts of the trustees in letting such contracts, but under the conclusion we have reached in this

case it will not be necessary to pass upon this contention, or to now determine the exact measure of the county superintendent's supervision or authority over such contracts.

The only general statutory authority of the board of trustees of a consolidated school district, either with or without the approval of the county superintendent, to provide means for the transportation of pupils to and from the school house in the district, or to any other school, is found in section 102, chapter 283, Laws of 1924, section 8737, Hemingway's 1927 Code, which reads in part as follows:

"The trustees of a consolidated school together with a county superintendent are authorized and empowered to provide means for transportation of pupils living two miles or more by the nearest traveled road, from the consolidated school to and from the schoolhouse in the district, under such rules and regulations as may be perscribed by the state board of education, on a petition to the county superintendent, signed by a majority of the patrons, of a consolidated school, the county superintendent and trustees of said consolidated school are also authorized to provide means for the transportation of such grades as they may designate to any other school and to pay the necessary tuition and other expenses into the funds of the school to which they are transported under rules and regulations prescribed by the state board of education, provided, that the petition shall be approved by a majority of the trustees of the school to which said pupils are transported. . . .

"There shall be a written agreement between the county superintendent and trustees of the school transporting said pupils as party of the first part and the trustees of the school to which they are transported as party of the second part. Said agreement shall show the grades to be transported, and the approximate total amount to

be paid each month, which agreement shall be filed in the office of the county superintendent.''

It will be noted that the first part of this section only authorizes the transportation of pupils of the district to and from the ''schoolhouse in the district,'' and consequently this provision can have no application here. Under the second part of the above-quoted section, the board of trustees of a consolidated school district and the county superintendent, upon a petition so to do signed by a majority of the patrons of the district, are authorized to provide means for the transportation of certain grades designated by them to another school, provided the petition shall likewise be approved by a majority of the trustees of the school to which said pupils are transported, and provided also that: ''There shall be a written agreement between the county superintendent and trustees of the school transporting said pupils as party of the first part and the trustees of the school to which they are transported as party of the second part. Said agreement shall show the grades to be transported, and the approximate total amount to be paid each month, which agreement shall be filed in the office of the county superintendent.''

In the case at bar it was not shown, and there was no attempt to show, that the provisions of this section in reference to the transportation of certain designated grades to another school had been complied with, and consequently there is no general statute under which the proposed contract with appellee, if approved by the superintendent, could have any validity.

Since the validity of the proposed contract cannot be upheld under the general laws authorizing the board of trustees of a consolidated school and the county superintendent to provide transportation for the pupils of such district, it becomes necessary to consider the effect of a special or local, act of the legislature which attempts to

confer on the trustees of the Arnold Line consolidated school district authority to contract with the trustees of said State Teachers' College to send the school children of said school district to the practice school of said college; this special, or local, act of the legislature being chapter 540, Loc. & Priv. Laws 1926, which reads as follows:

"Section 1. Be it enacted by the legislature of the state of Mississippi, That the trustees of the Arnold Line School District, comprising sections one, two, three, east half of section four, east half of section nine, sections ten, eleven, twelve, north half of section thirteen, north half of section fourteen, north half of section fifteen, and east half of section sixteen, all in township four, range fourteen west, Lamar county Mississippi, are hereby authorized and empowered to contract with the trustees of the State Teachers' College, Hattiesburg, Mississippi, to send the school children of the said school district to the practice school of the said college.

"Sec. 2. To effect said contract the trustees of the Arnold Line School district are authorized and empowered to use for transportation of school children and for payment of salaries of teachers the funds accruing to said school district from the per capita distribution, from the equalizing fund, from local district levy, and from any other funds that may accrue to said school district."

This special act of the legislature attempts to confer upon the Arnold Line consolidated school district special privileges, and is therefore in direct conflict with paragraph p of section 90 of the Constitution of 1890, which reads as follows: "The legislature shall not pass local, private, or special laws in any of the following enumerated cases, but such matters shall be provided for only by general laws, viz: . . . (p) Providing for the management or support of any private or common school, incorporating the same, or granting such school any privileges."

The local and private act above quoted undertook to confer upon this particular school special privileges, and to invest its board of trustees with plenary powers with reference to making contracts with the State Teachers' College and utilizing the funds accruing to said school district from the per capita distribution, from the equalizing fund, from the local district levy, and from all other funds that may accrue to said school district, in carrying out the contracts and obligations of said district made by its board of trustees under the special privileges and immunities thereby conferred, and in so doing it clearly violated the prohibition of paragraph p of section 90 of the Constitution, and is therefore void.

It follows from the views above expressed that the judgment of the court below directing the issuance of a writ of mandamus commanding the county superintendent to sign the proposed contract, and to issue pay certificates for services performed thereunder must be reversed.

Reversed, and petition dismissed.